Electronically Filed
4/15/2019 3:55 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
David D. Boehrer, Esq.
Nevada Bar No. 9517
Travis J. Rich, Esq.
Nevada Bar No. 12854
**DAVID BOEHRER LAW FIRM**
375 N. Stephanie Street, Suite 2213
Henderson, NV 89014
Tel: (702) 750-0750
Fax: (702) 750-0751
david@dblf.com; travis@dblf.com
*Attorneys for Plaintiff*

CASE NO: A-19-792964-C
Department 4

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| WILLIAM WOLVEN, an individual, | Case No. |
| Plaintiff, | Dept. No. |
| vs. | **COMPLAINT** |
| SUN CHING LIANG, an individual; GOLDEN LION TRANSPORTATION, INC. dba LION EXPRESS, a foreign corporation; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally, | |
| Defendants. | |

COMES NOW, Plaintiff WILLIAM WOLVEN, by and through his attorney of record, DAVID D. BOEHRER, ESQ. of the DAVID BOEHRER LAW FIRM, and complains and alleges as follows:

1. That at all times relevant herein, Plaintiff, WILLIAM WOLVEN (hereinafter "Plaintiff"), is and was a resident of Clark County, Nevada.

2. That at all times relevant herein, Defendant, SUN CHING LIANG (hereinafter "Defendant"), upon information and belief, is and was a resident of Los Angeles County, California.

- 1 -

3. That at all times relevant herein, upon information and belief, Defendant GOLDEN LION TRANSPORTATION, INC. dba LION EXPRESS (hereinafter "LION EXPRESS"), a foreign corporation, was and is domiciled in the State of California.

4. That all the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, Nevada.

5. That the identity of ROE ENTITY 11 is legal entity employing Defendant at the time of the subject collision.

6. That the identities of Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 are presently unknown at this time, and Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs request leave of the Court to amend this Complaint to specify the DOE and ROE Defendants when their identities become known.

7. That Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 are individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations or related business entities of Defendant, inclusive, who were acting on behalf of or in concert with, or at the direction of Defendant, and are responsible for the injurious activities of the other Defendants.

8. At all material times, Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 were individuals and/or entities who were and are agents, masters, servants, employers, employees, joint ventures, representatives and/or associates of Defendant with the consent, knowledge, authorization, ratification and permission of each other. At all times relevant hereto, Defendant DOES 1 through 10 and ROE ENTITIES 11 through 20 engaged in concerted acts and/or were responsible for the acts and/or omissions of themselves and each other Defendant.

9. That each DOE and/or ROE Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.

10. That each DOE and/or ROE Defendant is legally responsible for the events and happenings stated in this Complaint, and thus legally and proximately caused injury and damages to Plaintiff.

11. Plaintiff has found it necessary to retain the services of an attorney to prosecute this action and is therefore entitled to reasonable attorney's fees and costs of suit incurred herein.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Defendant since Defendant was traveling in Clark County, Nevada at the time of the subject collision. Defendant availed himself to the benefits and protections of Nevada's laws and highways. This Court has jurisdiction over LION EXPRESS since LION EXPRESS was conducting business in Clark County, Nevada. Further, this case involves damages in an amount in excess of $15,000.00. Venue is proper, as the subject collision and conduct of Defendants occurred within Clark County in the state of Nevada.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 12 of the general allegations as though fully set forth at this time.

14. On or about September 20, 2017, Plaintiff was traveling northbound on US-95 in the #3 travel lane just north of College Drive in Henderson, Nevada.

15. At the same time and date, Defendant was traveling directly to the left of Plaintiff in the #1 travel lane.

///

16. Defendant made an unsafe lane change, crossing all lanes of traffic, into Plaintiff's lane of travel.

17. Defendant caused the right rear side of his vehicle to collide with the driver's side of Plaintiff's vehicle.

18. Defendant did not stop his vehicle and continued to travel until he was stopped by Nevada Highway Patrol on IR-15 near SR160, approximately 20 miles from the crash site.

19. Defendant negligently operated his vehicle and failed to use due care by, among other things, making an unsafe lane change, failing to maintain a proper lookout, and failing to maintain a safe distance, thereby colliding into the side of Plaintiff's vehicle.

20. Upon information and belief, Defendant violated Nevada traffic laws for failing to maintain his lane and was cited accordingly.

21. Upon information and belief, Defendant was driving while in the course and scope of his employment with LION EXPRESS at the time of the collision.

22. Upon information and belief, Defendant was the permissive driver of a vehicle owned by LION EXPRESS at the time of the subject collision.

**FIRST CAUSE OF ACTION**
(Negligence – Defendant LIANG)

23. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 22 as though fully set forth at this time.

24. Defendant had a duty to operate his vehicle in a safe and responsible manner.

25. Defendant breached this duty when he failed to use due care, made an unsafe lane change, failed to maintain a proper lookout, and failed to maintain a safe distance.

26. Defendant is further negligent per se by violating Nevada's traffic laws including, but not limited to, NRS 484B.223 establishing the duty and breach elements of negligence.

27. Defendant's breach of duty was the actual and proximate cause of the damages sustained by Plaintiff.

28. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was injured and suffered pain and anxiety; further, Plaintiff was prevented in part from attending to his usual activities.

29. As a further direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was required to incur expenses for medical care and treatment, and expenses incidental thereto, all to Plaintiff's damages in an amount proven at trial.

30. As a further direct and proximate result of the aforementioned negligence and carelessness of Defendant, Plaintiff has incurred injuries which are permanent and disabling in nature, and which will cause Plaintiff to incur future expenses for medical care and treatment and expenses incidental thereto.

31. As a further direct and proximate result of the aforementioned negligence and carelessness of Defendant, Plaintiff has incurred and may incur in the future a loss of income and diminished earning capacity.

32. Plaintiff had to retain the services of an attorney to prosecute this matter and is entitled to reasonable attorney's fees, cost of suit incurred herein, and interest thereon.

**SECOND CAUSE OF ACTION**
(Vicarious Liability – LION EXPRESS)

33. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 32 as though fully set forth at this time.

34. That at all times relevant herein, based upon information and belief, LION EXPRESS was the owner of the vehicle operated by Defendant at the time of the subject collision.

/ / /

35. That at all times relevant herein, based upon information and belief, Defendant was operating the subject vehicle with the permission, consent, and/or knowledge of LION EXPRESS.

36. That at all times relevant herein, Defendant was the agent and/or employee of LION EXPRESS and was acting within the course and scope of such agency and/or employment, and as such, LION EXPRESS is liable to Plaintiff for Plaintiff's injuries and damages pursuant to Nevada law, including but not limited to NRS 41.130, all in an amount in excess of $15,000.00.

### THIRD CAUSE OF ACTION
(Negligent Hiring, Training, and Supervision – LION EXPRESS)

37. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 36 as though fully set forth at this time.

38. That LION EXPRESS was negligent in the selection, hiring, training, supervision and/or retention of Defendant at all times relevant herein.

39. That as a direct and proximate cause of the aforesaid conduct of LION EXPRESS, Plaintiff suffered damages, all in an amount in excess of $15,000.00.

### FOURTH CAUSE OF ACTION
(Negligent Entrustment – LION EXPRESS)

40. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 39 as though fully set forth at this time.

41. That based upon information and belief, Defendant was operating the subject vehicle with the expressed or implied permission of LION EXPRESS.

42. That based upon information and belief, LION EXPRESS negligently entrusted Defendant with use of the subject vehicle, which proximately caused the aforementioned injuries and damages referenced by Plaintiff herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;

2. Special damages for medical and incidental expenses incurred and to be incurred;

3. Special damages for lost earnings and earning capacity;

4. Property damages sustained by Plaintiff;

5. Attorney's fees and costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED this 15th day of April, 2019.

DAVID BOEHRER LAW FIRM

By: _____
DAVID D. BOEHRER, ESQ.
Nevada Bar No. 9517
TRAVIS J. RICH, ESQ.
Nevada Bar No. 12854
375 N. Stephanie Street, Suite 2213
Henderson, Nevada 89014
*Attorneys for Plaintiff*